UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLEAS SUMRALL | CIVIL ACTION |
| VERSUS | NO. 22-1302 |
| COOPER T SMITH CORP. | SECTION M (5) |

### ORDER & REASONS

Before the Court is a motion by defendant Cooper/T. Smith Corporation ("Cooper") to dismiss for lack of personal jurisdiction, or alternatively, to transfer venue.[1]  The motion was set for submission on August 25, 2022.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was August 17, 2022.  Plaintiff Pleas Sumrall, who is represented by counsel, did not file an opposition.  Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 12.

[2] R. Doc. 12-3.

[3] This case involves a maritime personal injury.  Sumrall alleges that he was injured on August 5, 2020, while working as a Jones Act seaman for Cooper. R. Docs. 1; 7.  He does not state where the accident occurred but does allege that jurisdiction and venue lie in this district because Cooper conducts business here. R. Docs. 1; 7.  In its motion to dismiss or transfer, Cooper argues that it is not subject to either general or specific personal jurisdiction in this district because (1) it is not "at home" in Louisiana considering that its principal place of business is in Alabama, and (2) the accident occurred in Alabama. R. Doc. 12-1 at 6-11.  Cooper argues further that venue is not proper in this district under 28 U.S.C. § 1391(b).  Cooper contends that, due to the lack of personal jurisdiction and venue, this action should be dismissed or transferred to the United States District Court for the Southern District of Alabama where it is subject to personal jurisdiction and venue is proper. R. Doc. 12-1 at 8-14.  The Fifth Circuit has said that, when a district court lacks personal jurisdiction, it may either dismiss the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure or, if it is in the interest of justice, transfer it under 28 U.S.C. § 1406(a) to "any district or division in which it could have been brought." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).  This Court finds that it is in the interest of justice to transfer the action to the United States District Court for the Southern District of Alabama where the accident occurred and Cooper is at home.

IT IS ORDERED that Cooper's motion to transfer (R. Doc. 12) is GRANTED, and this matter is TRANSFERRED to the United States District Court for the Southern District of Alabama, Southern Division.

New Orleans, Louisiana, this 19th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE